UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:26-cv-00928

JANE DOE,

Plaintiff,

vs.

FPG LABS LLC D/B/A OVATION FERTILITY, WAKE FOREST UNIVERSITY BAPTIST MEDICAL CENTER, WAKE FOREST UNIVERSITY HEALTH SCIENCES, WAKE FOREST HEALTH NETWORK, LLC, ATRIUM HEALTH, INC., THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY D/B/A ATRIUM HEALTH, AND ADVOCATE HEALTH, INC. D/B/A ATRIUM HEALTH,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff, Jane Doe, by her attorneys, moves the Court for permission to bring this action under the pseudonym for the purpose of protecting her identity only from ***public*** disclosure, but not disclosure from Defendants or this Court.

## I. INTRODUCTION

This action involves allegations related to Plaintiff's in vitro fertilization (IVF) treatment. The decision to grow a family with IVF is one with significant religious, political and reproductive rights implications. The ability to engage in IVF is especially precarious in the current political climate, which is rife with extreme views. Jane Doe seeks to proceed in anonymity because of the highly sensitive and private nature of having to undergo IVF due to fertility issues. This litigation will necessarily require disclosure and adjudication of extraordinarily private information concerning Plaintiff's reproductive and medical history, IVF treatment, genetic testing of her embryos, the genetic-testing results assigned to those embryos, decisions concerning whether and how those embryos would be used in attempting to build her family, and the loss of an embryo. Plaintiff does not seek anonymity merely to avoid criticism associated with litigation, but to prevent these intimate reproductive and medical details from becoming permanently associated with her name in publicly searchable court records.

She fears backlash from the community due to undergoing IVF, purchasing genetic testing of her embryos, and decisions surrounding her embryos. Jane Doe is also concerned about her children due to IVF and seeks privacy on behalf of those children. Thus, she respectfully requests that she be

able to proceed anonymously in public filings as other courts have allowed in similar circumstances. Defendants know her identity.

## II. LEGAL STANDARD

A civil complaint generally must set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Doe v. Pub. Citizen,* 749 F.3d 246, 273 (4th Cir. 2014); *Doe v. Lees-McRae Coll.,* No. 1:20-CV-00105-MR, 2021 WL2673050, at *6 (W.D.N.C. June 29, 2021) (unpublished).

The court considers five factors in deciding whether to allow a party to proceed pseudonymously including: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party[.]" *Pub. Citizen,* 749 F.3d at 273 (quotation omitted); *see James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

### A. Jane Doe is seeking to proceed under pseudonym to preserve privacy in a matter of sensitive and highly personal nature.

IVF is a matter of sensitive and highly personal nature and in the current political climate, IVF has become a high-charged topic as it relates to the use of fertility treatments for family building, the handling of embryos, and the rights of embryos if considered children. As such, the Plaintiff is fearful of the effect on her lives, her children's lives, and any potential harassment both she and her children might suffer due to the current high-charged political climate regarding IVF. *See, e.g.,* Hanna, John and Geoff Mulvhill, "Alabama's IVF ruling is spotlighting the anti-abortion movement's long game," AP.com, (Feb. 24, 2024), available at https://apnews.com/article/embryos-ivf-abortion-personhood-laws-ffe4f4d326469a97fef999254ca86eea; Green, Ruth, "Reproductive rights: IVF becomes battleground as states redraw legislative lines", International Bar Association, (Mar. 28, 2024), available at https://www.ibanet.org/Reproductive-rights-IVF-becomes-battleground-as-states-redraw-legislative-lines; Dias, Elizabeth, "How Christian Conservatives Are Planning for the Next Battle, on I.V.F.", The New York Times (Aug. 16, 2024), available at https://www.nytimes.com/2024/08/14/us/republicans-christian-conservatives-ivf.html.

Not only does this case concern a matter that is sensitive and personal in nature for the Plaintiff, but it is also sensitive and personal in nature for any children she has. For this reason, the Plaintiff wishes to proceed under

pseudonym to protect the privacy interests of any children due to IVF who may not wish for the public to know how they were conceived.

### B. Jane Doe is seeking to proceed under pseudonym as she fears risk of retaliatory physical or mental harm.

Considering the current political climate Plaintiff fears risk of retaliatory physical or mental harm due to her IVF treatment, purchase of genetic testing and decisions concerning her embryos.

Following the Alabama Supreme Court ruling finding that embryos are legally protected children, *see LePage v. Center for Reproductive Medicine, P.C*, lawmakers in several other states began proposing legislation similar to Alabama's. In North Carolina, House Bill 1232 was introduced in May 2026 which proposes defining human life as beginning at the moment of fertilization. While it has not yet passed, the bill demonstrates the ethical and emotional questions that exist throughout this country, and in North Carolina, about IVF and embryos.

Reproductive rights are and will continue to be an intense topic routinely in the public consciousness. In fact, with President Trump's announcements regarding actions to lower costs and expand access to IVF, there has again been an influx in discussion about whether IVF should be utilized at all and the rights of embryos. For example, an opinion piece published following the announcement compared abortion with IVF thereby stating that "Annually,

the abortion industry claims about 985,000 embryonic and fetal lives. IVF leads to the creation and death of between 1.5 million and 1.8 million more embryos."[1]

Public disclosure of Plaintiff's identity would associate her permanently with highly personal reproductive decisions, including decisions concerning the creation, genetic testing, disposition, and loss of embryos, on a publicly accessible federal docket. Given the ongoing and divisive public debate concerning IVF and the legal and moral status of embryos, Plaintiff reasonably fears harassment and emotional harm to herself and her family from public identification.

### C. Jane Doe is seeking to proceed under pseudonym to preserve privacy for minor children

Jane Doe concedes that she is not a minor. However, she wishes to proceed under pseudonym to protect the privacy interests of minor children who may not wish for the public to know how they were conceived.

### D. The action is against private parties and a governmental entity.

One Defendant, Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health is a local unit of government. *Knight Pub. Co. v. Charlotte-Mecklenburg Hosp. Authority,* 172 N.C. App 486, 486-487, 616 S.E.2d 602, 603 (2005). When

[1] https://www.nationalreview.com/corner/life-at-what-cost/

a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym. *See Doe v. Va. Polytechnic Inst. & State Univ.,* No. 7:21-CV-378, 2022 WL 972629, at *3 (W.D. Va. Mar. 30, 2022) (unpublished) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Although the other Defendants are private parties, due to the existence of one governmental entity, Plaintiff requests that this Court allow her to proceed under pseudonym under prong four (4). *Pub. Citizen,* 749 F.3d at 273.

**E. Allowing Jane Doe to proceed under pseudonym will not be unfair to the Defendants.**

Permitting the Plaintiff to proceed pseudonymously will not be unfair to Defendants. Defendants will know her true identity, will have full discovery rights as the case progresses, and will only be barred from using or disclosing her identity in any public filing. Thus, there will be no unfairness to Defendants.

## III. CONCLUSION

For the reasons discussed herein, Jane Doe respectfully requests that the Court grant her motion to proceed under pseudonym.

[Signature on Following Page]

Respectfully submitted this 10th day of September 2026.


Zachary M. Harris
NC State Bar No. 56323
zachary@harrislawnc.com
Harris Legal, PLLC
102 West Third Street, Suite 610
Winston-Salem, NC 27101
Tel./Fax (336) 860-1626

Paula S. Bliss, Esq.*
MA State Bar No. 652361
paula@justicelc.com
Justice Law Collaborative, LLC
210 Washington Street
North Easton, MA 02356
Tel: (508) 230-2700

Allison S. Freeman, Esq.*
FL State Bar No. 69539
allison@constable-law.com
Constable Law, P.A.
139 6th Avenue S
Safety Harbor, FL 34695
Tel: (727) 797-0100


**Appearing by Special Appearance pursuant to Local Rule 83.1(d)*